FILED
MAR 17 2010
US DISTRICT COURT
MARTINSBURG, WV 25401

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA,
MARTINSBURG DIVISION

CAROLYN MILLER,

    Plaintiff,

v.

    Civil Action No.: 3:10CV17

AMERICAN MEDICAL COLLECTION
AGENCY,

and

QUEST DIAGNOSTICS INC.,

    Defendants.

## COMPLAINT

**COMES NOW** your Plaintiff, by counsel, Aaron C. Amore, Esquire, and Kratovil & Amore, PLLC, and avers and says:

This Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that there is complete diversity between the parties and the amount in controversy exceeds $75,000.

1. That the Plaintiff Carolyn Miller is a citizen and resident of Berkeley County, West Virginia.

2. That the Plaintiff Carolyn Miller is a "consumer" as that term is defined in *West Virginia Code* §46A-2-122(a).

3. That the Defendant, American Medical Collection Agency (hereafter "AMCA") is a foreign corporation doing business in the State of West Virginia, with its principal place of business located at 2269 South Saw Mill River Road, Elmsford, NY 10523.

4. That AMCA is a "debt collector" as defined by *West Virginia Code* § 46A-2-122(d).

5. That the Defendant, Quest Diagnostic Incorporated (hereafter "Quest") is a corporation doing business in the State of West Virginia, with its principal place of business located at 3 Giralda Farms, Madison, NJ 07940.

6. That Quest is a "debt collector" as defined by *West Virginia Code* § 46A-2-122(d).

7. That the debts alleged owed by the Plaintiffs are "claims" as the term is defined in *West Virginia Code* §46A-2-122 (b).

8. That the activities of the Defendants as alleged below are "debt collections" as that the term is defined in *West Virginia Code* §46A-2-122 (c).

9. That at all times material to this cause of action, the Defendant AMCA was a principal, vive-principal, agent, and/or employee of Defendant Quest and was at such times acting within the full course, scope and authority of its position with Defendant Quest, therefore, imputing liability for its negligent and or willful acts and resulting damages as outlined below under the principles of respondent superior and/or the law of agency.

## FACTS

10. That the Defendant AMCA is collecting a debt for Quest Diagnostic Incorporated in the amount of $449.71, invoice no. XXXXXX5920 for a date of service of September 17, 2008.

11. That or about August 29, 2009, the Defendant AMCA through its representative did communicate telephonically with the Plaintiff to collect its debt.

12. The Plaintiff advised the Defendant AMCA's representative that her middle initial was different, her mailing address was different and that she did not owe the claimed debt and had never received any service or treatment from Quest Diagnostic Inc.

## CONSUMER PROTECTION ACT VIOLATIONS AGAINST AMCA

13. Plaintiff reaffirms and re-alleges the preceding 12 (1-12) paragraphs.

14. That on or about August 31, 2009 at approximately 8:07 p.m., the Defendant through its representative did communicate or attempt to communicate telephonically with the Plaintiff in an attempt to collect its debt in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

15. That on or about September 12, 2009 at approximately 7:22 p.m., the Defendant through its representative did communicate or attempt to communicate telephonically with the Plaintiff in an attempt to collect its debt in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

16. That on or about September 14, 2009 at approximately 12:03 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

17. That on or about September 16, 2009 at approximately 11:10 a.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

18. That on or about September 29, 2009 at approximately 2:45 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be

inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

19. That on or about October 6, 2009 at approximately 6:14 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

20. That on or about October 8, 2009 at approximately 2:36 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

21. That on or about October 12, 2009 at approximately 8:28 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

22. That on or about October 14, 2009 at approximately 12:22 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

23. That on or about October 16, 2009 at approximately 2:00 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

24. That on or about October 18, 2009 at approximately 1:45 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

25. That on or about October 20, 2009 at approximately 1:50 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

26. That on or about October 22, 2009 at approximately 1:47 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

27. That on or about October 24, 2009 at approximately 4:58 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be

inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

28. That on or about October 31, 2009 at approximately 3:49 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

29. That the Plaintiff received correspondence attempting to collect a debt from the Defendant on or about November 2, 2009 (See **Exhibit A**) violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

30. That on or about November 3, 2009 at approximately 11:30 a.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

31. That on or about November 6, 2009 at approximately 12:02 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

32. That on or about November 11, 2009 at approximately 8:20 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be

inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

33. That on or about November 13, 2009 at approximately 8:15 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

34. That on or about November 15, 2009 at approximately 7:25 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

35. That on or about November 20, 2009 at approximately 7:33 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

36. That on or about November 22, 2009 at approximately 11:47 a.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

37. That on or about November 29, 2009 at approximately 2:06 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

38. That the Plaintiff received correspondence attempting to collect a debt from the Defendant on or about November 30, 2009 (See **Exhibit B**) violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

39. That on or about December 6, 2009 at approximately 12:26 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

40. That on or about December 11, 2009 at approximately 12:40 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

41. That on or about December 16, 2009 at approximately 6:02 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

37. That on or about November 29, 2009 at approximately 2:06 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

38. That the Plaintiff received correspondence attempting to collect a debt from the Defendant on or about November 30, 2009 (See **Exhibit B**) violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

39. That on or about December 6, 2009 at approximately 12:26 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

40. That on or about December 11, 2009 at approximately 12:40 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

41. That on or about December 16, 2009 at approximately 6:02 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

42. That on or about December 20, 2009 at approximately 11:08 a.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

43. That on or about December 27, 2009 at approximately 9:27 a.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

44. That the Plaintiff received correspondence attempting to collect a debt from the Defendant on or about December 28, 2009 (See **Exhibit C**) violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

45. That on or about January 4, 2010 at approximately 4:20 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

46. That on or about January 14, 2010 at approximately 3:53 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

47. That on or about January 18, 2010 at approximately 4:47 p.m., the Defendant and its representative, caused the Plaintiff's telephone to ring, or engaged the Plaintiffs in conversation repeatedly or continuously or at unusual times or at times known to be inconvenient, with intent to annoy, abuse, oppress or threaten any person at the called number in violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

48. That the Plaintiff received correspondence attempting to collect a debt from the Defendant on or about January 25, 2010 (See **Exhibit D**) violation of *West Virginia Code* §§46A-2-125, 46A-2-127 & 46A-2-128.

## COUNT II

49. That the actions of the representatives and agents of Defendant was in willful violation of the West Virginia Code §46A-5-105, since it represents a stated policy of the Defendant and was carried out by its employees knowing that it violated the laws of the State of West Virginia and therefore requires that punitive damages be assessed against the Defendant.

## COUNT III

50. That the actions of Defendant represent a willful and malicious activity that constitutes the tort of intentional infliction of emotional distress.

**WHEREFORE**, your Plaintiffs demands judgment against the Defendant as follows:

   a. Statutory damages, as adjusted for inflation, of $4,388.03 for the Plaintiff for each violation;

   b. Damages for emotional distress, annoyance and inconvenience $100,000.00;

   c. Cancellation of the debt as provided for in West Virginia Code §46A-5-105;

d. Attorney fees pursuant to West Virginia Code §46A-5-104, as determined by the Court;

e. An injunction, enjoining, prohibiting, and restraining the Defendant from contacting the Plaintiff or any member of her family, as long as they are represented by counsel and that counsel does not fail to answer correspondence, return phone calls, or discuss the obligation in question with the Defendant, or agrees to direct communication; and

f. An injunction, enjoining, prohibiting, and restraining the Defendant from reporting any negative credit report information during the pendency of this litigation.

                **CAROLYN MILLER**
                **By Counsel**

_____
Aaron C. Amore, Esquire, WVSB No. 6455
James T. Kratovil, Esquire WVSB No. 2103
KRATOVIL & AMORE, PLLC
211 West Washington Street
P.O. Box 337
Charles Town, WV 25414
Phone: 304-728-7718
Facsimile: 304-728-7720
E-mail: amore@charlestownlaw.com